# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

No. 10-10277
Summary Calendar

Lyle W. Cayce
Clerk

PATRICK PITCHON,

Plaintiff-Appellant

v.

EDDIE C WILLIAMS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CV-80

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Patrick Pitchon, Texas prisoner #1181285, filed a §
1983 complaint against Warden Eddie Williams, alleging that Williams
authorized "elements within the Federal Government" to conduct illegal and
nonconsensual audio and video recordings of Pitchon. He also alleged that he
suffered torture, starvation, and assaults because he refused to consent to the
recordings. Pitchon asserted that the actions were taken against him because
he has knowledge of government involvement with extraterrestrial entities

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(aliens).  The district court dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and denied Pitchon leave to appeal in forma pauperis (IFP) on appeal, certifying pursuant to § 1915(a)(3) that the appeal was not taken in good faith.  Pitchon has now filed a motion in this court for leave to proceed IFP as well as a motion for appointment of counsel.

Pitchon's motion to proceed IFP on appeal is construed as a challenge to the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into the litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Pitchon has failed to demonstrate that the district court's certification was erroneous or that his appeal involves nonfrivolous issues.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Accordingly, his motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Pitchon's motion for appointment of counsel is also denied.

We caution Pitchon that the dismissal by the district court counts as a strike under 28 U.S.C. § 1915(g), and that the dismissal of this appeal as frivolous counts as a second strike.  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  If Pitchon accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.